PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4410
_____

ROBERT JENKINS,

Appellant

v.

SUPERINTENDENT OF LAUREL HIGHLANDS;
ATTORNEY GENERAL OF PA;
YORK COUNTY DISTRICT ATTORNEY'S OFFICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cv-00984)
District Judge:  Honorable A. Richard Caputo
_____

Argued October 1, 2012
Before:  FUENTES, FISHER and GREENBERG, *Circuit Judges*.

(Filed: January 15, 2013)

Enid W. Harris (ARGUED)
400 Third Avenue, Suite 111
Park Office Building
Kingston, PA  18704
　　　*Counsel for Appellant*

Duane R. Ramseur (ARGUED)
York County Office of District Attorney
45 North George Street
York, PA  17401
　　　*Counsel for Appellees*

———

## OPINION OF THE COURT

———

FISHER, *Circuit Judge*.

　　Robert Jenkins, a Pennsylvania prisoner at State Correctional Institution – Laurel Highlands, seeks federal *habeas* relief pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The District Court ordered the dismissal of Jenkins's *habeas* petition as untimely under 28 U.S.C. § 2244(d).  For the reasons stated below, we hold that Jenkins is eligible for statutory tolling of AEDPA's limitation period.  Accordingly, we will reverse the District Court's order.

I.

The resolution of this appeal turns on its detailed procedural history. Jenkins was convicted by a jury of several drug-related offenses for which he was sentenced by the York County Common Pleas Court to a multi-year term of incarceration. He timely filed a notice of appeal, but the Pennsylvania Superior Court affirmed his conviction. *Commonwealth v. Jenkins*, 928 A.2d 1124 (Pa. Super. Ct. 2007). He also timely filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 28, 2007. *Commonwealth v. Jenkins*, 932 A.2d 1286 (Pa. 2007). He did not petition for *certiorari* to the United States Supreme Court.

On October 1, 2008, Jenkins timely filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*, which the Common Pleas Court denied.[1] He timely filed a notice of

---

[1] Pursuant to the Pennsylvania prisoner mailbox rule, "the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing of the petition." *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (quoting *Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. Ct. 1998)) (emphasis omitted). Here, the record does not reflect the date on which Jenkins placed his PCRA petition in the prison mailing system. Thus, we reference the date on which the Common Pleas Court docketed his PCRA petition.

3

appeal, but his attorney moved to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (*en banc*). The Superior Court granted his attorney's motion to withdraw and affirmed the Common Pleas Court's denial of his PCRA petition on November 10, 2009. *Commonwealth v. Jenkins*, 988 A.2d 721 (Pa. Super. Ct. 2009).

On December 2, 2009, Jenkins filed a *pro se* pleading with the Pennsylvania Supreme Court entitled, "Motion to File Petition for Allowance of Appeal *Nunc Pro Tunc*, and for the Appointment of Counsel." In his pleading, he acknowledged that the deadline to file a petition for allowance of appeal was December 10, 2009. He also admitted that the Superior Court had allowed his attorney to withdraw. Finally, he claimed: (1) "I do not have the legal understanding to adequately file my own petition for allowance of appeal[,]" and (2) "[t]he person helping me with this filing is expecting to be transferred, and there is nobody else I can trust." (App. at 117a).

The Pennsylvania Supreme Court notified the Superior Court that Jenkins had filed a petition for allowance of appeal. However, on December 16, 2009, the Supreme Court issued Jenkins a defective filing notice, which stated that his pleading failed to comply with certain Pennsylvania Rules of Appellate Procedure unrelated to timing. Jenkins promptly perfected his pleading on December 29, 2009. Nonetheless, on April 27, 2010, the Supreme Court denied his pleading in an unpublished *per curiam* order without opinion. *Commonwealth v. Jenkins*, No. 219 MM 2009, 2010 Pa. LEXIS 921 (Pa. Apr. 27, 2010).

4

On May 7, 2010, Jenkins filed a *pro se habeas* petition pursuant to 28 U.S.C. § 2254.[2] The District Court, *sua sponte*, raised the issue of timeliness, ordered briefing, and ultimately dismissed his *habeas* petition as untimely and denied a certificate of appealability.[3] *Jenkins v. Superintendent of Laurel Highlands*, No. 3-10-cv-00984, 2010 U.S. Dist. LEXIS 117659 (M.D. Pa. Nov. 3, 2010). This timely appeal followed. Determining that reasonable

[2] Jenkins executed his *habeas* petition on May 2, 2010. Pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). However, in order to benefit from this rule, "the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid." *Nara v. Frank*, 264 F.3d 310, 315 n.3 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002) (citing Fed. R. App. P. 4(c)). Because Jenkins failed to comply with these prerequisites, he is not entitled to benefit from this rule. In any event, the five-day difference would not affect the outcome here.

[3] The District Court had "the power to raise the AEDPA limitations issue *sua sponte*[,]" *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005) (*en banc*), and it appropriately gave Jenkins notice that a potential timeliness issue existed and provided him with an opportunity to respond, *id.* at 165 n.15 (citing *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000)).

jurists could disagree with the District Court's dismissal of Jenkins's *habeas* petition as untimely, we granted a certificate of appealability.

## II.

The District Court had jurisdiction over Jenkins's *habeas* petition pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction over Jenkins's appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the District Court's refusal to toll AEDPA's limitation period. *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

## III.

AEDPA imposes a one-year limitation period for a state prisoner to file a federal *habeas* petition. 28 U.S.C. § 2244(d)(1). As applicable here, AEDPA's limitation period runs from "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review[.]" § 2244(d)(1)(A). Also as applicable here, the expiration of the time for seeking direct review is the deadline for petitioning for *certiorari* to the United States Supreme Court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On direct review, the Pennsylvania Supreme Court denied Jenkins's petition for allowance of appeal on September 28, 2007. *Jenkins*, 932 A.2d 1286. Because Jenkins had ninety days to petition for *certiorari* to the United States Supreme Court, his conviction became final on December 27, 2007. Sup. Ct. R. 13.1. Jenkins did not file his *habeas* petition until well over a year later on May 7, 2010;

6

thus, it is untimely unless AEDPA's limitation period was tolled.

AEDPA's limitation period "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (quoting *Day v. McDonough*, 547 U.S. 198, 208 (2006)). Instead, the limitation period is subject to both statutory and equitable tolling. *Merritt*, 326 F.3d at 161 (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). We conclude that Jenkins is entitled to statutory tolling and, although unnecessary to the disposition of this appeal, we note that he makes a strong showing for equitable tolling.

A.

We first analyze whether Jenkins should benefit from statutory tolling. A prisoner's "properly filed" application for state collateral review statutorily tolls AEDPA's limitation period during the time it is "pending." 28 U.S.C. § 2244(d)(2). Here, the following facts are undisputed: (1) Jenkins's October 1, 2008 PCRA petition was properly filed; (2) his PRCA petition was pending from October 1, 2008, the date he filed it, to December 10, 2009, the expiration date for him to file a petition for allowance of

appeal;[4] and (3) his pleading was pending from December 2, 2009, the date he filed it, to April 27, 2010, the date the Pennsylvania Supreme Court denied it.[5] Thus, the sole issue we must resolve is whether Jenkins's December 2, 2009 pleading was filed properly and thereby statutorily tolled AEDPA's limitation period during its pendency.

The answer to this question will determine whether Jenkins's *habeas* petition was timely. Between the date his conviction became final, December 27, 2007, and the date he filed his PCRA petition, October 1, 2008, 279 days of AEDPA's 365-day limitation period ran. Additionally, between the date the Pennsylvania Supreme Court denied his pleading, April 27, 2010, and the date he filed his *habeas* petition, May 7, 2010, 10 more days ran. As a result, if his pleading was properly filed, then only those 289 days would have run, and his *habeas* petition would be timely by 76 days. However, if his pleading was not properly filed, then the

---

[4] A PCRA petition remains pending "during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision [by filing a petition for allowance of appeal to the Pennsylvania Supreme Court] whether or not review is actually sought." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

[5] An application for state collateral review is not pending during the time a prisoner has to seek review of a decision by a state's highest court by filing a petition for *certiorari* to the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

additional 138 days between the expiration date for him to file a petition for allowance of appeal, December 10, 2009, and the date the Pennsylvania Supreme Court denied his pleading, April 27, 2010, would be added to the 289 days already accrued. In this scenario, 427 days would have run, and his *habeas* petition would be untimely by 62 days.

A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of" statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must . . . determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

At oral argument, Jenkins asserted that the Pennsylvania Supreme Court had not held that his pleading was untimely or otherwise not properly filed. The Commonwealth, in turn, conceded that the Supreme Court may have denied Jenkins's pleading on the merits. We agree that the Supreme Court's order provides no indication about whether it denied Jenkins's pleading as untimely, as otherwise not properly filed, or on the merits. *See Jenkins*,

9

2010 Pa. LEXIS 921, at \*1 ("[T]he Motion to File Petition for Allowance of Appeal *Nunc Pro Tunc* and for the Appointment of Counsel is denied.") (formatting omitted). Thus, we "must look to state law governing when a petition for collateral relief is properly filed." *Douglas v. Horn*, 359 F.3d 257, 262 (2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

The Commonwealth acknowledges that Jenkins filed his pleading before the deadline to file a petition for allowance of appeal. Pennsylvania Rule of Appellate Procedure 1113(a) provides that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed." Jenkins filed his pleading on December 2, 2009, only twenty-two days after the Superior Court entered its order on November 10, 2009. Thus, the *nunc pro tunc* title of his pleading is a misnomer; in

10

reality, Jenkins filed a motion to extend the time to file a petition for allowance of appeal.[6]

The Commonwealth argues, however, that Jenkins's pleading was not properly filed because it was merely a *procedural* motion to enlarge the time for filing a petition rather than an actual *substantive* petition. The Commonwealth bases its argument exclusively on Pennsylvania Rule of Appellate Procedure 105(b), which provides that a court "may not enlarge the time for filing . . . a petition for allowance of appeal[.]" The District Court agreed

---

[6] Because Jenkins's pleading was actually a motion to extend the time to file a petition for allowance of appeal, our holding in *Douglas v. Horn* that a prisoner's petition for allowance of appeal *nunc pro tunc* is not properly filed is distinguishable. 359 F.3d 257, 262 (3d Cir. 2004). Our decision in *Douglas* relied primarily on our reasoning in *Brown v. Shannon*, 322 F.3d 768 (3d Cir. 2003). There, we noted that the PCRA is "the [exclusive] means for collaterally attacking criminal convictions[.]" *Id.* at 775 n.5 (quoting *Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002)). As a result, we explained that a post-conviction claim, such as a notice of appeal *nunc pro tunc*, seeking reinstatement of appellate rights must be brought as another PCRA petition. *Id.* (citing *Commonwealth v. Lantzy*, 736 A.2d 564, 569-70 (Pa. 1999); *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. Ct. 2002)). Jenkins's pleading is not an improperly filed extra-PCRA petition because it seeks the timely *extension* rather than the untimely *restoration* of his appellate rights.

11

with the Commonwealth and, consequently, held that Jenkins's pleading was not properly filed and that AEDPA's limitation period was not statutorily tolled during its pendency.

Although the "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace[,]" *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. Ct. 2007) (quoting *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. Ct. 2002)), Rule 105(b) is not unyielding. First, it "is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court[,]" *Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. Ct. 1995) (quoting Pa. R. App. P. 105 note), which may occur when a court officer "depart[s] from the obligations specified in . . . the Pennsylvania Rules of Criminal Procedure[,]" *Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. Ct. 2007) (citing, *inter alia*, *Braykovich*, 664 A.2d at 136). Further, it does not prohibit an appeal *nunc pro tunc* when: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001) (citing *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979)).

Significantly, the Pennsylvania Supreme Court frequently grants–without mention of Rule 105(b)–motions to

12

extend the time to file petitions for allowance of appeal,[7] which it sometimes characterizes as petitions for leave to file petitions for allowance of appeal *nunc pro tunc*.[8] We have

[7] For example, the Pennsylvania Supreme Court published orders without explanation granting motions to extend the time to file petitions for allowance of appeal in the following criminal cases: *Commonwealth v. Diaz*, 957 A.2d 1179 (Pa. 2008) ("[T]he Petition for Extension of Time to File Petition for Allowance of Appeal *Nunc Pro Tunc* is GRANTED."); *Commonwealth v. Walker*, 930 A.2d 1253 (Pa. 2007) ("[T]he Application for Extension of Time to File Petition for Allowance of Appeal is granted.").

[8] Again, the Pennsylvania Supreme Court, treating motions to extend the time to file petitions for allowance of appeal as petitions for leave to file petitions for allowance of appeal *nunc pro tunc*, published orders without explanation granting such pleadings in the following criminal cases: *Commonwealth v. Johnson*, 986 A.2d 48 (Pa. 2009) ("[T]he Petition for Extension of Time to File a Petition for Allowance of Appeal, treated as a Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc*, is GRANTED."); *Commonwealth v. Ibrahim*, 982 A.2d 1220 (Pa. 2009) (same); *Commonwealth v. Mitchell*, 978 A.2d 348 (Pa. 2009) (same); *Commonwealth v. Mitchell*, 979 A.2d 837 (Pa. 2009) (same).

repeatedly identified a state court's practice of accepting a pleading as an important indication that the pleading is properly filed. *See*, *e.g.*, *Kindler v. Horn*, 542 F.3d 70, 77 (3d Cir. 2008), *vacated on other grounds by Beard v. Kindler*, 130 S. Ct. 612 (2009) (holding motion for reargument was properly filed in part because "capital defendants in Pennsylvania routinely seek reargument when their claims for relief are denied, and the Pennsylvania Supreme Court has granted such motions on more than one occasion") (citations

Additionally, in 2012 alone, the Pennsylvania Supreme Court published orders without explanation granting petitions for leave to file petitions for allowance of appeal *nunc pro tunc* in the following criminal cases: *Commonwealth v. Holloway*, 54 A.3d 11 (Pa. 2012); *Commonwealth v. Medina*, 52 A.3d 1212 (Pa. 2012); *Commonwealth v. Anderson*, 52 A.3d 219 (Pa. 2012); *Commonwealth v. Lynch*, 51 A.3d 179 (Pa. 2012); *Commonwealth v. Sulcaj*, 47 A.3d 1179 (Pa. 2012); *Commonwealth v. Brown*, 47 A.3d 1178 (Pa. 2012); *Commonwealth v. Person*, 44 A.3d 653 (Pa. 2012); *Commonwealth v. Orr*, 44 A.3d 652 (Pa. 2012); *Commonwealth v. Swanson*, 43 A.3d 1288 (Pa. 2012); *Commonwealth v. Kabbah*, 43 A.3d 1286 (Pa. 2012); *Commonwealth v. Saunders*, 41 A.3d 1285 (Pa. 2012); *Commonwealth v. Clark*, 40 A.3d 1232 (Pa. 2012); *Commonwealth v. Sanders*, 37 A.3d 587 (Pa. 2012); *Commonwealth v. Taylor*, 37 A.3d 587 (Pa. 2012); *Commonwealth v. Harris*, 36 A.3d 1097 (Pa. 2012).

14

omitted);[9] *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled in part by Carey*, 536 U.S. 214 (holding motion to withdraw guilty plea *nunc pro tunc* was properly filed in part because "it is not uncommon for Pennsylvania courts to accept [such] motions") (citation omitted);[10] *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3d Cir. 1998) (holding second and subsequent PCRA petitions were properly filed even though "the Pennsylvania Supreme Court has announced strict rules regarding the granting of [such] petitions" in part because "courts occasionally grant relief in such proceedings") (citations omitted). For the same reason, we find that the Supreme Court's frequent granting of motions to extend the time to file petitions for allowance of appeal

---

[9] In *Kindler v. Horn*, we held in part that Pennsylvania's fugitive forfeiture doctrine did not provide an adequate basis to bar federal *habeas* review. 542 F.3d 70, 78-80 (3d Cir. 2008). In *Beard v. Kindler*, the Supreme Court vacated our decision in *Kindler* and held that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." 130 S. Ct. 612, 618 (2009).

[10] We have recognized that "*Carey* overruled *Nara* to the extent *Nara* implied that an untimely petition for state collateral relief may be deemed 'properly filed' under AEDPA." *Satterfield v. Johnson*, 434 F.3d 185, 194 (3d Cir. 2006) (citing *Merritt v. Blaine*, 326 F.3d 157, 166 (3d Cir. 2003)).

15

undermines the Commonwealth's argument that Rule 105(b) renders Jenkins's pleading not properly filed.[11]

In sum, we are presented with a situation in which: (1) the Pennsylvania Supreme Court did not hold that Jenkins's pleading was untimely or otherwise not properly filed; (2) the Supreme Court may have denied Jenkins's pleading on the merits; (3) Jenkins's pleading was timely

[11] While the Commonwealth does not press the point, we note that Jenkins's pleading was not properly filed until he perfected it. The Pennsylvania Supreme Court's defective filing notice informed Jenkins that he needed to provide: (1) "five additional copies of the pleading[,]" and (2) "[a] $53.50 filing fee or a copy of the trial court order granting *in forma pauperis* status together with two copies of a verified statement indicating that there has been no change in the appellant's financial condition since the lower court's order granting *in forma pauperis* and that the party is unable to pay the fees and costs on appeal[, *s*]*ee generally* [Pa. R. App. P.] 551(a)(1)-(3)[, or] an application for leave to proceed *in forma pauperis*, [Pa. R. App. P.] 553-561[.]" (App. at 115a (formatting omitted)). These two deficiencies are conditions to filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005) (recognizing copy requirements and filing fees as conditions to filing). Although AEDPA's limitation period cannot be statutorily tolled between December 10, 2009, the expiration date for Jenkins to file a petition for allowance of appeal, and December 29, 2009, the date he perfected his pleading, this nineteen-day period does not change our conclusion here.

16

filed; and (4) the Supreme Court has a common practice of granting motions to extend the time to file petitions for allowance of appeal notwithstanding Rule 105(b).  In these circumstances, we conclude that Jenkins's pleading was properly filed.  Therefore, we hold that Jenkins's pleading did statutorily toll AEDPA's limitation period and that his *habeas* petition was timely.

## B.

Although we base our decision that Jenkins's *habeas* petition was timely on statutory tolling, we also note that this appeal presents a compelling case for the application of equitable tolling.[12]  Because AEDPA's limitation period is not jurisdictional, *Holland*, 130 S. Ct. at 2560 (quoting *Day*, 547 U.S. at 205), it is subject to equitable tolling, *id.* (citing, *inter alia*, *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998)).  We extend the remedy of equitable

---

[12] Jenkins "did not make any argument for the equitable tolling of the limitations period" before the District Court. *Jenkins v. Superintendent of Laurel Highlands*, No. 3-10-cv-00984, 2010 U.S. Dist. LEXIS 117659, at *11 (M.D. Pa. Nov. 3, 2010).  For this reason, Jenkins arguably waived his right to make such an argument before us. *See Tri-M Grp. v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) ("It is axiomatic that 'arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.'") (quoting *United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010)).

tolling "only 'sparingly,'" *Urcinoli v. Cathel*, 546 F.3d 269, 278 (3d Cir. 2008) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), "when 'principles of equity would make the rigid application of a limitation period unfair[,]'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (quoting *Miller*, 145 F.3d at 618).

A prisoner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). Here, the Commonwealth does not suggest that Jenkins has not been pursuing his rights diligently. Such a contention would be untenable. Jenkins timely filed his: (1) notice of direct appeal; (2) petition for allowance of direct appeal; (3) PCRA petition; (4) PCRA notice of appeal; and (5) pleading. Jenkins also perfected his pleading within thirteen days of the Pennsylvania Supreme Court's issuance of its defective filing notice,[13] and he filed his *habeas* petition within ten days of its denial of his

---

[13] A diligent prisoner is one who "did what he reasonably thought was necessary to preserve his rights . . . based on information he received[.]" *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012) (quoting *Holmes v. Spencer*, 685 F.3d 51, 65 (1st Cir. 2012)).

18

pleading.[14]  In short, Jenkins has not been "sleeping on his rights[.]"  *Munchinski*, 694 F.3d at 331 (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).[15]

The Commonwealth argues, however, that Jenkins has not shown that he "has in some extraordinary way been prevented from asserting his . . . rights."  *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005) (quoting *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)).  One potentially extraordinary circumstance is where a prisoner is "effectively abandoned" by his attorney.  *Holland*, 130 S. Ct. at 2564

---

[14] A prisoner must pursue his rights diligently "during the period [he] is exhausting state court remedies as well" as during the time he is pursuing a *habeas* petition.  *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)).

[15] Although Jenkins delayed 279 days between the date his conviction became final and the date he filed his PCRA petition, he "is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his . . . petition."  *LaCava*, 398 F.3d at 277 (quoting *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000)).

(quoting *Nara*, 264 F.3d at 320).[16]   Another "potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *Munchinski*, 694 F.3d at 329-30 (quoting *Brinson*, 398 F.3d at 230).   Jenkins proposes that both of these extraordinary circumstances thwarted the timely filing of his *habeas* petition.

Jenkins first claims that his attorney abandoned him. However, Jenkins's attorney withdrew pursuant to the judicially sanctioned *Turner/Finley* process, which, among other requirements, mandates that an attorney serve a client with the "application to withdraw[,] . . . the 'no-merit' letter[,] and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he . . . has the right to proceed *pro se* or with the assistance of privately retained counsel."[17]   *Commonwealth v. Widgins*, 29

---

[16] On the other hand, "garden variety claim[s] of excusable neglect," *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), such as "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling[,]" *LaCava*, 398 F.3d at 276 (quoting *Merritt*, 326 F.3d at 169).

[17] The *Turner/Finley* process also mandates an "[i]ndependent review of the record by competent counsel[,]" which "requires proof of:"

A.3d 816, 818 (Pa. Super. Ct. 2011) (quoting *Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa. Super. Ct. 2006), *overruled in part by Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)). Because his attorney engaged in significant attorney-client communication pursuant to the *Turner/Finley* process, Jenkins's abandonment argument is meritless. *Contrast Holland*, 130 S. Ct. at 2564 (reversing and remanding for further proceedings in part to determine whether attorney's repeated and prolonged failure to communicate with client was extraordinary circumstance warranting equitable tolling).

---

> "1) A 'no-merit' letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The 'no-merit' letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless;
>
> 4) The PC[R]A court conducting its own independent review of the record; and
>
> 5) The PC[R]A court agreeing with counsel that the petition was meritless."

*Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. Ct. 2011) (quoting *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)).

21

Jenkins next contends that the Pennsylvania Supreme Court's defective filing notice misled him into believing that his pleading was holding a place for him on its *allocatur* docket. We resolved a similar claim in *Munchinski*, 694 F.3d 308. There, the Common Pleas Court erroneously dismissed the prisoner's second PCRA petition for lack of jurisdiction because his first *habeas* appeal was pending before us. *Id.* at 319. The Common Pleas Court thereby implicitly suggested that the prisoner could later reassert his claims in a third PCRA petition. *Id.* at 319-20. The prisoner relied on this advice, *id.*, but on the appeal of his third PCRA petition, the Superior Court concluded that the allegations that he had previously raised had become untimely, *id.* at 328. Under these facts, we held that the Common Pleas Court's implicit suggestion "was sufficiently misleading as to constitute an extraordinary circumstance because 'it later operate[d] to prevent [the prisoner] from pursuing his rights.'" *Id.* at 330 (quoting *Urcinoli*, 546 F.3d at 275).

If Jenkins were not already entitled to statutory tolling of AEDPA's limitation period, the same analysis would appear to apply here. The Pennsylvania Supreme Court's defective filing notice informed Jenkins that his pleading failed to comply with certain Pennsylvania Rules of Appellate Procedure. Importantly, the notice did not indicate that Jenkins's pleading was untimely. In other words, by explicitly directing Jenkins to cure certain filing defects, the notice implied that his pleading otherwise satisfied the Rules not referenced therein, including Rule 105(b). Relying on the notice, Jenkins promptly perfected his pleading and reasonably waited for the Supreme Court's decision. If the

notice had stated instead that his pleading was untimely, Jenkins could have timely filed his *habeas* petition. Based on Jenkins's demonstrated diligence, the Supreme Court's notice seems to have been an extraordinary circumstance that prevented the timely filing of his *habeas* petition and would have entitled him to equitable tolling, had we not already concluded that he is entitled to statutory tolling.

## IV.

For the reasons stated above, we hold that Jenkins is entitled to statutory tolling of AEDPA's limitation period. Therefore, we will reverse the District Court's order dismissing Jenkins's *habeas* petition as untimely and remand the case to the District Court for further proceedings.