NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3460
_____

AL'SHAMOON THOMPSON,
                                        Appellant
v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 2-12-cv-04830)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Under Third Circuit L.A.R 34.1(a)
January 19, 2017
_____

Before: FISHER,* HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: June 23, 2017 )
_____

OPINION**
_____

GREENAWAY, JR., *Circuit Judge*.

---

* Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Al'shamoon Thompson, a New Jersey state prisoner, seeks federal habeas relief pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The District Court dismissed his federal habeas petition as untimely. For the reasons stated below, we hold that Thompson's habeas petition is eligible for statutory tolling. Accordingly, we will reverse and remand to the District Court for consideration of his habeas petition on the merits.

## I.    BACKGROUND

In May 1997, a jury convicted Thompson of first-degree murder, attempted murder, aggravated assault, and three gun possession offenses. The court rendered a sentence of life imprisonment plus twenty-five years with a forty-year period of parole ineligibility. Thompson challenged his conviction directly and collaterally for over a decade.

### A.    Post-Conviction Relief Proceedings

On October 26, 1999, the Supreme Court of New Jersey declined to hear Thompson's direct appeal. Rather than appeal to the Supreme Court of the United States, Thompson opted to seek collateral relief in state court. This began when Thompson submitted his PCR petition, dated April 25, 2000, and marked "filed" on May 17, 2000.

Six years passed before the trial court denied Thompson's petition, on June 26, 2006. Shortly after, on July 13, 2006, Thompson requested the trial court to reconsider. The trial court denied his request on November 9, 2006. This prompted Thompson to seek relief with the New Jersey Appellate Division, which he did on January 18, 2007.

2

Two years later, on February 6, 2009, the Appellate Division remanded Thompson's case to the New Jersey Law Division for a hearing on his ineffective assistance of counsel claim. On July 30, 2009, the Law Division denied relief. On August 12, 2009, Thompson requested the Law Division to reconsider, which the Law Division denied on November 2, 2009. From there, Thompson again turned to the Appellate Division, submitting a notice of appeal on February 2, 2010. The Appellate Division affirmed the Law Division's denial on July 13, 2011.

Next came Thompson's petition for certification to the Supreme Court of New Jersey, which Thompson's counsel submitted on August 10, 2011. But Thompson attempted to change course when he submitted a *pro se* motion to stay his petition for certification.

The Supreme Court of New Jersey sent a letter in response, dated August 26, 2011 informing Thompson that the Court did not accept his pleading. Because he "was represented by an attorney, [he was required to make] any requests . . . for affirmative relief from the Court . . . through [his] attorney." App. 163. And if Thompson "want[ed] to ask the Appellate Division for reconsideration, [he was required] to withdraw [his] notice of petition and file an appropriate application with the Appellate Division." App. 163.

Despite the letter, Thompson submitted a *pro se* motion to the Appellate Division requesting reconsideration, a stay, and leave to file the motion as within time on August 31. On September 19, 2011 the Appellate Division denied all of the motion's requests.

3

On December 7, 2011, Thompson, through his counsel, submitted a second notice of petition for certification. The Supreme Court of New Jersey granted the motion to file as within time on January 12, 2012.

The Supreme Court denied Thompson's petition for certification on February 2, 2012. Following the denial, Thompson submitted an out of time motion for reconsideration on April 10, 2012. The Supreme Court considered the motion as filed in time, but denied the request to reconsider on May 25, 2012.

Thompson filed this petition for a writ of habeas corpus on August 10, 2012.

## B.    Federal Court Proceedings

The District Court held that Thompson's federal habeas petition was untimely and did not qualify for statutory or equitable tolling. The Court concluded that 637 days passed without a properly filed PCR application pending, exceeding the 365-day limit permitted by 28 U.S.C. § 2244(d). The Court considered the following intervals as counting toward the 365-day limit:

> (1) October 26, 1999 to July 31, 2000 (time between the denial of certification on direct appeal and the alleged date of the first PCR application);
>
> (2) November 9, 2006 to January 18, 2007 (time between the denial of motion for reconsideration and the filing of a notice of appeal)
>
> (3) November 2, 2009 to February 2, 2010 (time between the denial of motion for reconsideration and the filing of a notice of appeal); and
>
> (4) February 2, 2012 to August 10, 2012 (time between the denial of final PCR application and the filing of the federal habeas petition).

4

App. 18.  As a result, the Court declined to review the merits of the ineffective assistance of counsel claim, deeming the petition to have been filed out of time.

Thompson then moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  The District Court denied the motion and declined to issue a certificate of appealability.  This Court, however, granted a certificate of appealability, certifying for review whether Thompson's habeas petition was timely.  This Court also concluded that Thompson's habeas petition stated at least two ineffective assistance of counsel claims that would be debatable amongst jurists of reason.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Thompson's federal habeas petition pursuant to 28 U.S.C. §§ 2241 and 2254.  We have jurisdiction over Thompson's appeal pursuant to 28 U.S.C. §§ 1291 and 2253(c).  We exercise plenary review over the District Court's refusal to toll the statute of limitations period.  *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).

## III.   ANALYSIS

AEDPA provides a one-year limitations period for the filing of federal habeas petitions by persons "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In cases like this, the period begins to run from "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review."  *Id.* § 2244(d)(1)(A).  "[T]he expiration of the time for seeking direct review is the deadline

5

for petitioning for *certiorari* to the United States Supreme Court." *Jenkins*, 705 F.3d at 84.

After the Supreme Court of New Jersey declined to hear the direct appeal on October 26, 1999, Thompson had ninety days to petition for *certiorari* to the Supreme Court of the United States. Sup. Ct. R. 13.1. He did not, so his conviction became final when the ninety days lapsed on January 24, 2000. Pursuant to AEDPA, Thompson was required to file his federal habeas petition by January 24, 2001. He filed his petition on August 10, 2012. Thus, Thompson's federal habeas petition is untimely unless the limitations period was tolled sufficiently so that 365 days or less had passed in calculating time which had elapsed.

AEDPA's statutory tolling provision tolls the limitations period while a prisoner has a "properly filed" PCR application "pending" in state court. *See id.* § 2244(d)(2). Whether an application is "properly filed" is governed by the law of the state where the prisoner filed the application. *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004). We consider "a state court's practice of accepting a[n] [application] . . . an important indication that the pleading is properly filed." *Jenkins*, 705 F.3d at 87. We also observe that an application is "pending" during the period "between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original).

With this framework in mind, we must measure each of the intervals of time

6

between a state court's adverse determination and Thompson's proper filing of a PCR application. In total, we will evaluate six intervals: (1) October 26, 1999 through July 31, 2000; (2) November 9, 2006 through January 18, 2007; (3) November 2, 2009 through February 2, 2010; (4) July 13, 2011 through September 19, 2011; (5) October 9, 2011 through December 7, 2011; and (6) and February 2, 2012 through August 10, 2012.[1] We will address each interval in turn.[2]

---

[1] The District Court did not consider the intervals spanning July 13, 2011 through September 19, 2011 and October 9, 2011 through December 7, 2011, presumably finding these intervals unnecessary. Because we conclude that the District Court miscalculated how long the limitations period ran, we must address these additional intervals.

[2] When counting the number of days the limitations period ran, we begin by counting the first day after the tolling period expired and include the day Thompson filed a PCR application. Although this method makes no difference in whether Thompson's federal habeas petition was timely, we find that it is most consistent with New Jersey's Rules of Court:

> In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.

N.J. Ct. R. 1:3-1.

**A.      October 26, 1999 to July 31, 2000:  The Limitations Period Ran 114 Days**

The District Court determined that the limitations period ran from October 26, 1999 (when the New Jersey Supreme Court denied certification on direct review) to July 31, 2000 (when Thompson allegedly filed his first PCR petition).  Those dates are incorrect, for purposes of calculating the correct number of days to be excluded from the limitations period.

As the parties observe, the limitations period began to run after the ninety-day period to petition for *certiorari* expired on January 24, 2000.  *See Jenkins*, 705 F.3d at 84.  Thus, the correct start date, for calculation purposes is January 25, 2000.

As for the end date, the parties provide different dates:  April 25, 2000 and May 17, 2000.  We take no position on how to calculate the end date because it is not dispositive.[3]  Thus, even if we use the later date, May 17, 2000, as the end date, the limitations period ran, at most, 114 days during this interval.

_____

[3] There is no dispute that Thompson's conviction became final and the limitations period began to run after the petition for certiorari period expired.  *Jenkins*, 705 F.3d at 84.  The dispute turns on when we consider Thompson's PCR application "properly filed."

Thompson advocates for the prisoner mailbox rule, which would make when Thompson delivered his notice of appeal to prison authorities the "properly filed" date.  *See Houston v. Lack*, 487 U.S. 266 (1988).  Meanwhile, the State argues in favor of applying New Jersey Court Rule 1:5-6(b)(2), which would make the "properly filed' date when the clerk of the court marked the document "filed."

Because New Jersey law does not provide a clear answer and resolution of the issue has no impact on our final count of days tolled, we need not resolve this issue.

**B.	November 9, 2006 to January 18, 2007: The Limitations Period Ran Twenty-Three Days**

The District Court determined that the limitations period ran November 9, 2006 (when Thompson's motion for reconsideration was denied) to January 18, 2007 (when Thompson filed his notice of appeal). We conclude that the limitations period should not have begun to run on November 9, 2006 because New Jersey Court Rule 2:4-1 provides a litigant with a forty-five day period to file a Notice of Appeal from a final judgment.

Here, the forty-five day period started on November 10. Normally, the forty-five day period would extend to December 24, but here the date extends to December 26 because December 24 fell on a Sunday and December 25 was a legal holiday. *See* N.J. Ct. R. 1:3-1 (extending the period "until the end of the next day which is neither a Saturday, Sunday nor legal holiday"). As a result, the limitations period ran twenty-three days during this interval, beginning December 27, 2006 and ending January 18, 2007.

**C.	November 2, 2009 to February 2, 2010: The Limitations Period Ran Forty-Seven Days**

The District Court determined that the limitations period ran from November 2, 2009 through February 2, 2010. This is another overcount because the District Court ignored the forty-five day period provided by Rule 2:4-1.

Here, the forty-five day period ended on December 17, 2009. Thus, the limitations period ran forty-seven days, beginning December 18, 2009 and ending February 2, 2010.

9

**D.      July 13, 2011 to September 19, 2011: The Limitations Period Ran Eight Days**

This is an interval that the State identified but the District Court did not address.[4] Our count for how many days ran in this period turns on whether we accept Thompson's purported waiver of counsel and filing of *pro se* pleadings. The State's argument rests on the premise that Thompson properly withdrew his petition for certification with the Supreme Court of New Jersey in order to pursue relief in the Appellate Division. We reject this premise and conclude that only eight days should count.

As discussed above, the Appellate Division affirmed the denial of the PCR application on July 13, 2011. Pursuant to New Jersey Court Rule 2:12-3(a), Thompson had twenty days to file a petition for certification with the Supreme Court of New Jersey. Thompson missed the August 2, 2011 deadline and filed his petition on August 10, 2011. Counting August 3, 2011 to August 10, 2011 amounts to eight days.

The State argues that we must consider Thompson's August 15, 2011 *pro se* motion to "stay" his petition for certification, his August 31, 2011 *pro se* withdrawal of the petition for certification, and his August 31, 2011 *pro se* motion to the Appellate Division requesting reconsideration, a stay, and leave to file the motion as within time. Because the Appellate Division denied all of the motion's requests on September 19, 2011, the State concludes that Thompson did not have a pending PCR application before any court during the interval.

---

[4] The State raised this argument in its answer to Thompson's habeas petition.

10

We cannot accept this argument. The letter the Supreme Court of New Jersey sent Thompson establishes that the Court refused to file Thompson's *pro se* pleadings. Nothing on the record suggests that Thompson's counsel withdrew his notice of petition. Thus, the Supreme Court of New Jersey maintained jurisdiction. *See* N.J. Ct. R. 2:9-1(a) (providing that once the "notice of petition for certification [is] filed," "supervision and control of the proceedings . . . shall be in the appellate court"); *Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan*, 658 A.2d 1230, 1243 (N.J. 1995) ("[T]he ordinary effect of the filing of the notice of appeal is to deprive the court below of jurisdiction to act further in the matter under appeal unless directed to do so by the appellate court." (quoting Pressler, *Current N.J. Court Rules,* comment 1 on N.J. Ct. R. 2:9-1(a)).[5]

Because we ignore Thompson's *pro se* pleadings and the Appellate Division's September 19, 2011 decision, we conclude that the limitations period ran only eight days during this interval.

### E.  October 9, 2011 to December 7, 2011: The Limitations Period Did Not Run

This is another interval that the State identified and the Court, improperly, did not consider. The State contends that the limitations period ran from October 9, 2011—after

---

[5] The State also argues the *pro se* pleadings were proper because Thompson waived his right to counsel. We reject this argument for want of evidence that Thompson knowingly and intelligently waived his right to counsel. *State v. Coon*, 715 A.2d 326, 330 (N.J. Super. Ct. App. Div. 1998) (holding that waiver of counsel during PCR review requires a judicial inquiry into whether defendant knowingly and intelligently waived his right to counsel).

11

the Rule 2:12-3(a) twenty-day period expired—to December 7, 2011, when Thompson filed his second petition for certification to the Supreme Court of New Jersey. *See* N.J. Ct. R. 2:12-3(a).

But Thompson had already filed a petition for certification on August 10, 2011. We have no basis to believe that the August 10, 2011 petition was defective; thus, we consider it to be a properly filed PCR application and we do not count any days in this interval.

### F.       February 2, 2012 to August 10, 2012: The Limitations Period Ran 134 Days

The District Court determined that the limitations period ran throughout this interval. Thompson argues that the Court erred by failing to carve out a period between April 10, 2012—when he filed an out-of-time motion for reconsideration of the Supreme Court of New Jersey's denial of his petition for certification—and May 25, 2012—when the Supreme Court of New Jersey accepted his motion for leave to file a motion for reconsideration as within time but simultaneously denied the motion for reconsideration. We agree.

The Supreme Court's acceptance of Thompson's motion as timely is "an important indication" that the motion was "properly filed." *Jenkins*, 705 F.3d at 87; *see also Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) (holding that if a state court grants leave to pursue an out of time appeal, the proper period of exclusion for § 2244(d) purposes is "all time between the filing of the request to excuse the default and the state

court's decision on the merits (if it elects to excuse the default)"). Thus, we will exclude the time between the request to consider the April 10, 2012 motion as within time and the decision to accept the motion as timely.

We will also exclude February 3, 2012 through February 13, 2012 from our count because New Jersey Court Rule 2:11-6 provides a party ten days to move for reconsideration and February 12 was a Sunday. Thus, the limitations period ran fifty-seven days (from February 14, 2012 through April 10, 2012) and another seventy-seven days (from May 26, 2012 through August 10, 2012). In total, the limitations period ran 134 days during this interval.

\* \* \*

In sum, we find that the limitations period ran at most 326 days. Accordingly, we hold that Thompson filed his federal habeas petition within time. Since the District Court did not consider the merits of Thompson's petition, we believe the "prudent course" is to remand to the District Court for further proceedings. *See Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (avoiding the merits of the habeas petition where the district court never considered the merits of the petition).

## IV. CONCLUSION

For the reasons stated above, we will reverse the District Court's order dismissing Thompson's habeas petition as untimely and remand for consideration of the merits.