**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 22-2253

_____

JAHMAES ZAIRE DATES,
                                        Appellant
v.

JUSTIN WINTERS;
JOHN AND/OR JANE DOE NORTHAMPTON COUNTY JAIL STAFF (INTAKE);
JOHN AND/OR JANE DOE NORTHAMPTON COUNTY JAIL (MEDICAL);
JOHN AND/OR JANE DOE POLICE OFFICERS, CITY OF EASTON;
JOHN DOE AND/OR JANE DOE EASTON POLICE TRAINING AND/OR
SAFETY/WELFARE SUPERVISOR

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-00037)
District Judge: Honorable Wendy Beetlestone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2022

Before:  GREENAWAY, JR., MATEY, and MCKEE, <u>Circuit Judges</u>

(Opinion filed:  December 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jahmaes Zaire Dates appeals pro se from the District Court's order dismissing his complaint and denying his motion for reconsideration. We will summarily affirm.

In January 2021, Dates brought suit, pro se and in forma pauperis, under 42 U.S.C. § 1983. In the operative amended complaint, he sued Officer Justin Winters and several unnamed defendants, stating that Winters subjected him to an unlawful search and seizure and claiming that Winters and others were deliberately indifferent to his medical needs at the time of his arrest. Winters moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted the motion and dismissed the complaint, concluding that the unconstitutional search and seizure claim was time-barred and that Dates failed to state a claim of deliberate indifference.[1] Dates timely moved for reconsideration, and the District Court denied the motion. Dates now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of the complaint de novo, see Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review the District Court's order denying the motion under Rule 59(e) for an abuse of discretion, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

---

[1] While the motion to dismiss was filed by Winters, who was the only remaining named defendant, the District Court sua sponte dismissed the claims against the unnamed defendants, too, explaining that the same analysis applied to the claims against them. See ECF No. 43, n.1.

669, 673 (3d Cir. 1999). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

First, the District Court properly concluded that the Fourth Amendment search and seizure claim was time-barred. Claims brought under § 1983 are subject to Pennsylvania's two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78–79 (3d Cir. 1989). Dates's claim accrued in August 2018, when he was arrested and searched, see Estate of Lagano v. Bergen Cty. Prosecutor's Off., 769 F.3d 850, 860–61 (3d Cir. 2014) (holding that an illegal search claim accrues when plaintiff knew or should have known about the search and seizure), and the limitations period expired two years later, in August 2020. Dates did not file this suit until January 2021, about five months after the limitations period expired. Accordingly, absent tolling, this claim is untimely.

This Court extends the remedy of equitable tolling "only sparingly." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) (cleaned up). A prisoner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (cleaned up).

Dates argued that the limitations period should be equitably tolled because COVID-19 restrictions prevented him from filing his petition on time. Specifically, Dates alleged that he was denied access to the prison's law library from March 2020 to October 2020, which prevented him from timely filing his complaint.

3

We agree with the District Court's conclusion that Dates did not establish a sufficient basis for equitable tolling. Even if the library's closing was a qualifying extraordinary circumstance, Dates did not describe any steps he took to pursue his claim in the 19 months between August 2018, when the search and seizure occurred, and March 2020, when the library closed, nor did he explain why he waited three months after gaining access to legal resources to file the suit. Because Dates took no apparent action on this suit for around 19 months, then again for several months, he did not establish that he diligently pursued his rights.

We also agree that Dates failed to show that the library's closure prevented his timely filing. While the deprivation of legal materials or access to legal resources can, in some cases, warrant tolling, Dates did not demonstrate a causal relationship between the library's closure and the lateness of his filing. See Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013). As the District Court noted, Dates filed his complaint on the standard form for pro se prisoners bringing civil rights claims, which required only that he describe the facts underlying his claim, not that he cite case law or other legal authority. Dates did not allege that he lacked access to the necessary form or that he could not have filed a placeholder to preserve his claims while the law library was closed.[2] Accordingly, we

---

[2] See, e.g., Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (concluding that the deprivation of a habeas petitioner's legal papers for a few weeks did not warrant equitable tolling where "he had the majority of the limitations period to work on his petition, filed his formal grievance long after the limitations period expired, ultimately

find no error in the District Court's determination that equitable tolling was unavailable in the situation presented here and, therefore, that the claim was time-barred.

The District Court also properly concluded that Dates failed to state a claim of deliberate indifference. To succeed on this claim, Dates was required to demonstrate (1) that defendants showed "deliberate indifference" to his medical needs, and (2) that those needs were "serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).[3] To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 842 (1994). A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates, 834 F.2d at 347 (cleaned up).

It is undisputed that, on the day of his arrest, a garbage crew noticed Dates unconscious or asleep on the ground. The police were dispatched to investigate and, when they approached Dates, they smelled the scent of alcohol emanating from him.

___

filed his petition without the benefit of the removed papers, and did not seek to file a timely petition and then clarify it once he had access to his materials").

[3] Pretrial detainees have a Due Process right to medical care for serious medical needs. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987). We have found no reason in previous cases, however, to analyze pretrial detainees' claims of inadequate medical care under something other than the deliberate indifference standard. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581–82 & n.5 (3d Cir. 2003).

5

After rousing Dates, the police arrested him and booked him into the jail, without first seeking medical treatment or conducting tests to determine if medical treatment was necessary.

As the District Court concluded, Dates did not establish that he had a serious medical need. There is nothing to suggest that a physician ever diagnosed Dates as requiring treatment or that his medical need was so obvious that a lay person would easily recognize that treatment was necessary. Dates was unconscious or asleep when officers first approached him, but he eventually responded to the officers' attempts to wake him. Despite the fact that Dates maintained that he was, at most, "semi-conscious" or incoherent throughout his arrest and booking, he did not allege that he suffered any adverse medical issues or that he was otherwise injured by the defendants' lack of medical attention.[4] Instead, his claim seems to be that he should have received an examination to determine whether he needed medical treatment, or that his unconscious state posed a risk such that treatment may have become necessary, not that treatment was ultimately required.[5] Because Dates failed to show a serious medical need, even after

---

[4] Dates alleged that his unconscious or intoxicated state presented a greater risk of harm because of his pre-existing medical conditions. However, Dates did not allege that the conditions were somehow caused by defendants' failure to provide medical care, nor did he suggest that defendants had any knowledge of the pre-existing conditions.

[5] Moreover, the allegations in Dates's amended complaint suggest that he was examined by the medical staff at the jail, but the examination was delayed for about ten hours. See ECF No. 13, pp. 10–11. Dates did not specify what harm, if any, this delay caused. At most, Dates established a "mere disagreement as to the proper medical treatment," which

being given the opportunity to amend the complaint, the District Court properly dismissed the claim. See, e.g., Grayson v. Peed, 195 F.3d 692, 696 (4th Cir. 1999) (explaining that law enforcement officers are not constitutionally required to "take all criminal suspects under the influence of drugs or alcohol to hospital emergency rooms rather than detention centers").

Finally, the District Court did not abuse its discretion in denying Dates's request for relief under Rule 59(e) because Dates did not provide a basis for reconsideration. In his motion, Dates clarified facts and law that he believed the District Court had misinterpreted, but he did not show that the clarifications amounted to clear errors of law or fact that needed correcting or that any action was needed to avoid manifest injustice. See Max's Seafood Café, 176 F.3d at 677.

Accordingly, we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. The motion for appointment of counsel is denied.

---

is insufficient to support a claim of deliberate indifference. Monmouth Cnty. Corr. Inst. Inmates, 834 F.2d at 346.