ALD-028                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2426
_____

UNITED STATES OF AMERICA

v.

CORDELL MAURICE BINES,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-07-cr-00714-001)
District Judge:  Honorable Renee M. Bumb
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2021
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: December 1, 2021)
_____

OPINION*
_____

PER CURIAM

        On September 4, 2007, Cordell Maurice Bines pleaded guilty in the District Court

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Bines was sentenced to two concurrent terms of 168 months' imprisonment on the bank robbery convictions and a consecutive term of 120 months on the firearms charge. His anticipated release date is July 13, 2037.[1]

In May 2021, Bines filed a pro se motion for compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).[2][3] He asserted that, due to numerous underlying health conditions—including asthma, an "AV" (Atrioventricular) block in his heart, hypertension, and mental illness—he was at risk of serious complications or death should he contract COVID-19. He further asserted that the prison was not taking appropriate precautions to keep the prisoners safe. The District Court denied the motion, concluding that Bines had not demonstrated "extraordinary and compelling" reasons to support his release, and that the 18 U.S.C. § 3553(a) factors did

---

[1] According to the Government, 116 months have been added to Bines's 288-month sentence due to convictions he incurred for assaulting prison staff.

[2] It is undisputed that Bines complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the District Court. See 18 U.S.C. § 3582(c)(1)(A).

[3] To the extent that Bines asserts that he no longer seeks to be released but instead asks to be transferred to another facility, we cannot consider this request because he did not make it before the District Court. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

2

not weigh in his favor.  Bines appealed.  The Government now moves for summary affirmance.  See 3d Cir. L.A.R. 27.4.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for an abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  We may summarily affirm if "no substantial question is presented" by the appeal.  3d Cir. L.A.R. 27.4.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  Id. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(A)–(D).

3

Upon review, we discern no abuse of discretion in the District Court's decision to deny the motion for compassionate release. The District Court reasonably determined that several of the § 3553(a) factors—including the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes—counseled against compassionate release.[4] The District Court also reasonably determined that the fact that Bines had served only 178 months of his 288-month sentence weighed against him. See Pawlowski, 967 F.3d at 331. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (citation, quotation marks, and alteration omitted).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment. The Government's motion to file the Appendix under seal is granted. See 3d Cir. L.A.R. Misc. 106.1(c).

---

[4] In light of this conclusion, we need not address the District Court's determination that there were no "extraordinary and compelling reasons" to reduce Bines's sentence. See 18 U.S.C. § 582(c)(1)(A)(i).