**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2014
_____

LORI WILLIAMS,
                              Appellant

v.

FEDERAL EXPRESS CORP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-05527)
District Judge:  Honorable Karen S. Marston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2022
Before:  SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: December 12, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Lori Williams appeals pro se from the District Court's judgment in this

employment discrimination action.  For the reasons set forth below, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

Williams, an African American female, began working at Federal Express Corporation ("FedEx") in 1995, and she started driving for the company two years later. In June 2019, Williams backed into a customer's garage after making a delivery, causing damage to the garage and rain gutter. The customer reported the damage, and, following an investigation, Williams was terminated for failing to report the accident. However, Williams appealed her termination within the company, and her employment was reinstated several weeks later.

In 2020, Williams, through counsel, filed this action against FedEx under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"), alleging that she was discriminated against, denied overtime opportunities, and terminated because of her race and gender. The case proceeded to discovery, after which FedEx moved for summary judgment. The District Court granted FedEx's motion, and Williams timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant FedEx's motion for summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted). "[U]nless there is sufficient evidence for a jury to

2

reasonably find for the nonmovant," summary judgment should be granted. Barefoot

Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

III.

We agree with the District Court's disposition of Williams' claims. Specifically,

even assuming Williams established a prima facie case of discrimination pertaining to the

denial of her overtime request and her termination, FedEx demonstrated legitimate, non-

discriminatory reasons for its actions. See McDonnell Douglas Corp. v. Green, 411 U.S.

792, 802-04 (1973) (describing burden-shifting framework for Title VII discrimination

claims); see also Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (noting that the

PHRA is interpreted "in accord with its federal counterparts").

Williams' overtime-related claim pertained to an instance in 2017 in which two

less senior, Caucasian male employees were selected to work overtime shifts that were

denied to Williams. FedEx provided a declaration from a senior manager noting that

Williams was not selected to work the shifts in question because she had too many

conditions related to her requests, such as when she would start, when she would finish,

and where she was willing to work. In her opening brief, Williams does not point to any

evidence refuting this justification, nor did she do so before the District Court. Thus, we

agree with the District Court's decision to grant FedEx's motion for summary judgment

on this claim.

With respect to Williams' termination, as noted, FedEx provided evidence that a

company investigation concluded that Williams damaged a customer's home and did not

report it. As Williams acknowledged, company policy provided that couriers were

3

required to report accidents and that failure to do so was grounds for termination. On appeal, Williams appears to contend that the District Court failed to consider evidence favorable to her on this claim, namely the timeline of events surrounding her termination. Specifically, in the District Court, Williams attempted to refute FedEx's justification for her termination by contending that: (1) she did not realize the accident occurred until she was terminated, and thus she could not have reported it; and (2) her termination decision was later modified. However, we see no indication that the District Court failed to consider this evidence—or any other evidence, for that matter—and regardless we conclude that it was insufficient to allow Williams' claim to survive summary judgment.

Namely, even if Williams was unaware of the accident and resulting damage to the customer's home, there is no evidence in the record suggesting that FedEx did not truly believe that Williams violated company policy, even if its initial termination decision was potentially ill-informed or mistaken. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason . . . , the plaintiff cannot simply show that the employer's decision was wrong or mistaken."); Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1003 (8th Cir. 2012) ("To prove that the employer's explanation was false, the employee must show the employer did not truly believe that the employee violated company rules."). And with respect to the fact that Williams' employment was reinstated after she appealed within the company, mere disagreement among decisionmakers regarding the level of discipline provided to Williams is insufficient to establish discrimination. See Fuentes, 32 F.3d at 767. Thus,

4

Williams failed to create a triable issue that FedEx's proffered justification was pretext for discrimination.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] While Williams generally argues that she has been discriminated against at FedEx and contends that she was subject to "racist videos" and "racist text feeds" prior to her termination, the offensive videos and text messages described by Williams in the District Court were unrelated to her termination, were created by non-decision-making personnel—specifically, a courier—and were not directed at or about Williams. Thus, this evidence was insufficient to create a triable issue that Williams was terminated or otherwise subject to adverse employment actions because of her race. Cf. Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992) (noting that "[s]tray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision"). Further, as the District Court noted, Williams did not raise a hostile work environment claim with respect to allegedly harassing comments below, and she may not do so in the first instance on appeal. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). Likewise, Williams' claims in her opening brief that she was reprimanded for reporting discriminatory behavior, that she was denied promotions that were given to peers of different races, and that FedEx discriminated against her because of her age will not be reviewed because she makes them for the first time on appeal. See id.