**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3386
_____

JOHN KOWAL,
                                        Appellant

v.

FERNDALE AREA SCHOOL DISTRICT;
FERNDALE AREA SCHOOL DISTRICT BOARD OF EDUCATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 3:18-cv-00181)
District Judge: Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2022
Before: AMBRO, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: January 5, 2023)
_____

OPINION*
_____

PER CURIAM

Pro se appellant John Kowal appeals the District Court's grant of summary

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment in favor of defendants Ferndale Area School District and the Ferndale Area School District Board of Education.[1] Kowal brought claims of retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"). For the reasons that follow, we will affirm the District Court's judgment.

I.

Kowal worked as the Business Manager for the Ferndale Area School District from 1987 until he retired in September 2017.[2] In his position, Kowal was responsible for the financial aspects of running the School District, including managing payroll, retirement, and insurance benefits. As an employee, Kowal received benefits through an Act 93 agreement. This benefits package allowed qualifying employees approaching retirement to either cash out their unused accumulated sick time or apply that time toward receiving certain healthcare benefits in retirement. Employees were eligible to choose the latter option only if they retired before the age of eligibility to receive Medicare — 65 years old.

Kowal was 66 years old when he retired and had been enrolled in Medicare for over a year. He accumulated 353.5 unused sick days before he retired. Kowal continued to receive healthcare coverage from Ferndale after his retirement, although the parties

---

[1] Kowal was represented by counsel in the District Court, but began representing himself pro se before briefing on appeal began.

[2] Because we write primarily for the parties, we will recite only the facts necessary for our discussion. These facts are undisputed unless otherwise noted.

dispute how and why his coverage was able to temporarily continue.

Kowal and Ferndale executives met several times immediately after his retirement. By November 2017, Kowal had been informed that he was not eligible to apply unused sick time toward retirement healthcare coverage under the Act 93 agreement due to his eligibility for Medicare and that he could receive the cash value of his unused sick time. However, after a School Board meeting, the superintendent was given authority to negotiate an alternative healthcare package with Kowal, in recognition for his years of service.

The School Board met in December 2017 and approved a waiver of the Act 93 agreement for Kowal. The superintendent offered Kowal and his spouse a health reimbursement arrangement ("HRA proposal") based on his amount of unused sick days, requested a written response by December 20, 2017, and informed Kowal that he would subsequently be removed from his then-current healthcare plan provided by Ferndale. Kowal negotiated with the superintendent about several terms in the HRA proposal by email. Then, on December 18, Kowal informed the superintendent that he had filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), requested an extension of time to respond to the HRA proposal, and indicated that he sought to address the School Board at an upcoming meeting.

Kowal's healthcare coverage was extended into 2018 while Ferndale sought legal advice, and the deadline to respond to the HRA proposal was also temporarily extended. The superintendent informed Kowal that the School Board declined to meet with him because: (1) Kowal had placed himself on Ferndale's insurance after retirement without

3

speaking with the appropriate authorities; (2) he had initiated legal proceedings against Ferndale and had an upcoming EEOC interview; and (3) he informed Ferndale that it may need to secure an attorney. The superintendent subsequently restated that Kowal was not eligible for healthcare coverage after retirement under the Act 93 agreement and gave him until February 15, 2018, to accept the HRA proposal. She also informed Kowal that if he rejected the proposal or did not respond, his Ferndale-provided health insurance would be terminated and the balance of his unused sick time would be reconciled and paid out to him. Kowal did not respond to the HRA proposal or request an extension of time to consider the proposal.

On February 27, 2018, Kowal was notified that his healthcare coverage would end on February 28. On March 5, 2018, the superintendent informed Kowal that he would be issued a check for $22,213.71 for his unused accumulated sick time, after subtracting the cost of the post-retirement healthcare coverage he had been provided and withholding appropriate payroll deductions.

On March 22, 2018, Kowal told the superintendent that the EEOC investigation was complete and that he wanted to accept the HRA proposal. The School Board discussed Kowal's request and ultimately decided to complete the process of cashing out Kowal's remaining sick days rather than reinstating the HRA proposal; the superintendent mailed him a check for $22,213.71 on April 19, 2018. Kowal again requested to meet with the School Board, but the School Board notified Kowal that it would not continue exploring options to provide post-retirement healthcare coverage. Kowal then filed a second charge of discrimination with the EEOC in June 2018. Kowal

4

did not attend any public School Board meetings between January and April 2018.

In September 2018, Kowal filed a lawsuit in the District Court alleging retaliation under the ADEA and the PHRA, as well as breach of contract. On defendants' motion, the District Court dismissed the PHRA and breach-of-contract claims without prejudice. Kowal filed an amended complaint alleging retaliation under the ADEA and a violation of the Wage Payment Collection Law; the District Court dismissed the latter claim with prejudice. Kowal then filed a second amended complaint alleging retaliation under the ADEA and the PHRA.[3] Defendants moved for summary judgment, which the District Court granted. Kowal timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment for defendants. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.

---

[3] Although Kowal referred to his ADEA claim as a discrimination claim in his counseled complaints, he alleged only that he suffered retaliation after he engaged in protected activity — filing a complaint of discrimination with the EEOC — and included no allegations of discriminatory treatment based on his age.

Summary judgment was appropriately granted for defendants. Under the familiar burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which applies in cases like this without direct evidence of retaliation, a plaintiff must first establish a prima facie case by showing "(1) . . . protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015) (citation omitted). To satisfy the second prong, "the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See id. at 195 (internal quotation marks and citation omitted).

Kowal has argued that defendants took adverse actions against him when they: (1) declined his requests to meet with the School Board; (2) did not continue negotiations regarding the HRA proposal; and (3) decided not to reinstate the HRA proposal and instead sent him a check for less than what he believed he was owed.[4] However, based on the facts of this case, these are not circumstances that are objectively "likely to dissuade employees from complaining or assisting in complaints about discrimination,"

_____

[4] We note that Kowal includes numerous new arguments and theories of liability in his briefs that were never raised in his counseled filings in the District Court. He cannot pursue these arguments and claims for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). We also do not "reach arguments raised for the first time in a reply brief." See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

which is the goal of anti-retaliation protections.  See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 70 (2006).

First, the School Board held public meetings between January and April 2018 that Kowal chose not to attend; he does not point to any evidence in the record showing that he would have been unable to speak to the School Board at a public meeting during the time of this dispute.  Next, the record shows that Ferndale was negotiating the HRA proposal with Kowal before he filed his EEOC charge, and Kowal did not propose any further changes to the proposal after that point.  Ferndale extended the HRA proposal into 2018, but Kowal did not request additional time to consider the proposal further, and ultimately sought its reinstatement without any changes.  It is not clear what further negotiations should have taken place under these circumstances.

Finally, the record shows that Kowal was not eligible to use his accrued sick leave to receive post-retirement health insurance from Ferndale per the Act 93 agreement because he retired after he was able to enroll in Medicare.  Although the School Board approved a waiver to offer Kowal the HRA proposal, Kowal did not accept that offer before it expired.  Kowal believes that he should be paid the value of the HRA proposal over the course of several years, which he has calculated at a significantly higher sum than the check he received.  However, Kowal was informed that he would be paid the cash value of his unused sick time, with deductions to cover the cost of his post-retirement healthcare and payroll withholdings, if he did not accept the HRA proposal by the stated deadline.  He did not request an extension of time or suggest any changes to the proposal at that point.

Because none of the actions Kowal has identified would have dissuaded a reasonable person from seeking to pursue a discrimination complaint, he cannot state a prima facie case of retaliation. See Daniels, 776 F.3d at 195. Summary judgment was thus properly granted on his ADEA retaliation claim, as well as his parallel PHRA claim.

For these reasons, we will affirm the judgment of the District Court.