**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1128
_____

CATHERINE G. LIN-HENDEL, Ph. D.; RUDOLF H. HENDEL, Ph. D.,
Appellants

v.

LINTON TURNER; LAW FIRM OF MAYFIELD, TURNER, O'MARA &
DONNELLY P.C.; CHUBB INSURANCE COMPANY OF NEW JERSEY; GREAT
NORTHERN INSURANCE COMPANY; HINSHAW & CULBERTSON LLP;
KARENA J. STRAUB; SELECT PORTFOLIO SERVICING, INC.; CREDIT SUISSE
(USA), LLC; MEB LOAN TRUST IV; EUGENE GAETA; MEGAN GAETA;
KATHERINE R. DUPUIS; KAREN M. CASSIDY; THOMAS J. WALSH; JOSEPH P.
PERFILLO; C. ARLEO; J. K. SHERWOOD; B. R. MARTINOTTI; CHUBB LIMITED;
BANK OF AMERICA; WILMINGTON TRUST AND M&T BANK; FAY
SERVICING; MEB TRUST; SELECT PORTFOLIO PROCESSING AND CREDIT
SUISSE; ADAM FRIEDMAN; MICHAEL E. ESKENAZI; JOHNATHAN SCHWALB;
FRIEDMAN VARTOLO LLP; MICHAEL D. MEZZACCA & BOURNE NOLL
KENYON PC; MICHAEL KASSACK; JARED LEVY; WHITE AND WILLIAMS LLP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:23-cv-03956)
District Judge: Honorable Edward S. Kiel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed:  March 13, 2026)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellants Dr. Catherine G. Lin-Hendel and Dr. Rudolf H. Hendel appeal from the District Court's dismissal of their complaint. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2006, appellants took out a loan with Bank of America for 1.5 million dollars, which was secured by a mortgage on their home in Summit, NJ.[1] Later that year, appellants opened a home equity line of credit with Bank of America, which was also secured by a mortgage on their home. In 2017, Bank of America ultimately transferred its interest in the first loan to Wilmington Trust as trustee for MFRA Trust 2014-2, and in 2020, it transferred its interest in the second loan as well.

In 2018, Wilmington Trust moved to foreclose appellants' home in New Jersey state court; Bank of America was also a party to this litigation given its ownership of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write primarily for the parties, we will recite only the facts necessary for this discussion. These facts are undisputed unless otherwise noted. We consider the documents provided by appellants and certain documents filed by appellees in determining whether the District Court's decision was appropriate. _See Davis v. Wells Fargo_, 824 F.3d 333, 341 (3d Cir. 2016) (considering "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents," when reviewing a Rule 12(b)(6) dismissal) (internal quotation marks and citation omitted).

appellants' second loan at the time. In their opposition, appellants argued that the foreclosure had involved fraud and deceptive practices and that various entities, including Wilmington Trust, were infringing on patents held by Dr. Lin-Handel for displaying content on webpages. Appellants requested to be discharged from their mortgage obligations by offering to forgive a portion of the millions of dollars they believed were owed to them due to the alleged patent infringement. Summary judgment was entered against appellants in 2019.

Appellants then initiated a federal lawsuit in 2019 against numerous defendants, including Wilmington Trust, their mortgage servicer, and attorneys who were involved with the foreclosure case. *See Lin Hendel v. Wilmington Tr.*, No. CV 19-14707, 2020 WL 14008510, at *1 (D.N.J. Mar. 30, 2020). Among other claims, appellants alleged patent infringement, conspiracy, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at *2. In 2020, appellants' claims were dismissed (some with prejudice and some without prejudice), and their motion to amend their complaint to add numerous new defendants — including Bank of America — was denied, as the District Court concluded that appellants failed to cure any of the deficiencies the District Court had identified in its opinion and could not state a claim against any new defendant. *Id.* at *7. Appellants did not attempt to amend their complaint again and did not appeal from that decision.

After appellants repeatedly and unsuccessfully sought relief from the foreclosure judgment and a subsequent sheriff's sale in state court, they filed another federal lawsuit, at issue here, in 2023. Appellants named dozens of defendants, including Bank of

3

America, along with federal and state court judges, lawyers and law firms that were involved in their prior cases, their former neighbors, and various financial institutions. As relevant here, they alleged fraud, RICO violations, various "bad faith practices," and "assault" on their property rights and their "Life, Enjoyment, Peace, Health and Liberty."[2] Compl. at 34-38.

Appellants were subsequently evicted from their property. After defendants moved to dismiss appellants' complaint, the District Court held a hearing on their motions and dismissed appellants' complaint with prejudice. Appellants timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of appellants' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

---

[2] At the heart of appellants' complaint was their belief that all the defendants were involved in a conspiracy that used "well-honed parasitic machinery . . . to loot our large equity which would enrich every participant involved in the RICO . . . and even more richly enabled the financial institutional Defendants and their Communist Chinese clients/partners/investors to get more than a decade of free use of our patents." Compl. at 17. They claimed that defendants "lawlessly, abusively and rapaciously used New Jersey's Court System, the Sheriff-Sale Mechanism and the Bankruptcy Courts to entrap, incapacitate, destroy and slow-kill Plaintiffs in order to evade and side-step" the licensing and royalty fees "the financial institution Defendants have owed to Plaintiffs by law for more than a decade." *Id.* at 33.

4

III.

Appellants' complaint was appropriately dismissed. Their appellate brief discusses the actions of only one defendant in any detail — Bank of America — and briefly mentions Chubb Insurance Company, Wilmington Trust, MEB Trust, and state court judges who were named in appellants' complaint.[3] Because appellants do not address the District Court's rulings regarding any other defendants, and do not address several of the claims they raised in their complaint, we deem those claims to be forfeited. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited). Appellants have also forfeited any challenge to the District Court's rulings on other motions or requests for relief, as they do not discuss those decisions in their opening brief.[4] *See id.*

The District Court properly dismissed appellants' claims of fraud against the parties to their foreclosure action, including Bank of America, Wilmington Trust, and MEB Trust. To the extent that appellants seek review of the foreclosure judgment in federal court, the *Rooker-Feldman* doctrine bars such relief. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman*

---

[3] We do not consider any arguments or factual allegations that appellants make for the first time on appeal, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013), or any issues they discuss for the first time in their reply brief, *see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017).

[4] In particular, we note that the District Judge ordered the District Court Clerk to assign any future matters that appellants file in that Court to him, and explained that he would screen any future complaints for frivolousness. Appellants do not discuss this ruling in their appellate brief and have thus forfeited any challenge to it. *See In re Wettach*, 811 F.3d at 115.

5

doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Appellants' central argument is that they uncovered evidence of fraud when they recently hired a company to investigate the chain of title on their loans. Appellants allege that this company concluded that Bank of America sold both loans in 2006 and thus did not own them after that and could not have sold them later. However, this argument — premised on transactions that allegedly occurred twenty years ago — could have been investigated and raised during appellants' foreclosure proceedings, and their claims rooted in this argument are thus barred by New Jersey's entire controversy doctrine. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) ("Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.") (internal quotation marks and citation omitted); *Mori v. Hartz Mountain Dev. Corp.*, 472 A.2d 150, 155 (N.J. Super. Ct. App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined.") (emphasis in original); *see also Delacruz v. Alfieri*, 145 A.3d 695, 701 (N.J. Super. Ct. Law Div. 2015) (explaining that the entire controversy doctrine applies to "germane" counterclaims that "could have been brought in [a] . . . foreclosure action").

Appellants have also vaguely claimed that Bank of America's allegedly fraudulent transactions were part of a sweeping international RICO conspiracy by dozens of entities

— including Chubb, several state court judges, and unidentified "agents" — to defraud appellants of their patent rights and royalties and violate their civil rights.[5]  *See* Appellant's Br. at 10.  These conclusory allegations are not sufficient to state a claim for relief against any defendant.[6]  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a complaint to include "enough facts to state a claim to relief that is plausible on its face"); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989) (explaining that allegations of a civil RICO conspiracy must be sufficiently specific to state a claim for relief).[7]

For these reasons, we will affirm the judgment of the District Court.[8]

---

[5]  We note that appellants repeatedly reference patent infringement in their appellate brief.  Although their complaint generally discusses patent infringement many times, appellants did not appear to allege any patent infringement claims.  We observe that appellants were previously notified of the factual allegations they needed to include to state a claim of patent infringement when their patent infringement claims were dismissed in 2020 in their related federal lawsuit.  *See Lin Hendel*, 2020 WL 14008510, at *4.

[6]  Appellants also acknowledge but do not challenge the District Court's determination that the judicial defendants in this case were entitled to absolute judicial immunity.

[7]  Under these circumstances, because several deficiencies in appellants' complaint could not be cured and appellants had a previous opportunity to pursue their remaining claims in their 2019 federal lawsuit, the District Court did not abuse its discretion in concluding that granting appellants leave to amend would have been futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

[8]  We grant Eugene Gaeta and Megan Gaeta's motion for leave to file a document out of time, and deny their motion to dismiss.