**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1275
_____

UNITED STATES OF AMERICA

v.

MICHAEL RINALDI,
                                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Criminal Action No. 3:18-cr-00279-002)
District Judge:  Honorable Robert D. Mariani

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: June 11, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Michael Rinaldi appeals from an order of the District Court granting his unopposed motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will dismiss this appeal for lack of standing.

In August 2020, a jury in the Middle District of Pennsylvania found Rinaldi guilty of narcotics and firearms offenses. He was later sentenced to a term of 235 months of incarceration. On January 18, 2024, Rinaldi filed a pro se post-judgment motion seeking, inter alia, a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Rinaldi argued that pursuant to "the new retro-active guideline amendment [Amendment 821], … I am now eligible to have my sentence reduced from 235 months imprisonment to 210 months." D.Ct. ECF No. 511 at 1. The District Court appointed counsel who filed a new and unopposed motion seeking such relief. On February 1, 2024, after determining that Rinaldi was eligible for a sentence reduction based upon Amendment 821, the District Court granted the motion and reduced his sentence from 235 months of imprisonment to 210 months of imprisonment. Rinaldi appeals, and the Government has moved to summarily affirm the judgment of the District Court.

Generally, a party may not appeal from an order granting the relief he sought. See Watson v. City of Newark, 746 F.2d 1008, 1010 (3d Cir. 1984). Rather, a party has standing to appeal only if he is aggrieved by the judgment. Id. Rinaldi has not been aggrieved by the challenged order, which afforded him the relief he sought – a reduction in his sentence from 235 to 210 months of imprisonment. Accordingly, he cannot appeal

from the challenged order, and we will dismiss this appeal for lack of standing.[1]  In light

of our disposition, the Government's motion for summary affirmance is denied as moot.

---

[1] In his response in opposition to the Government's motion for summary affirmance, Rinaldi argues that this Court should review whether his sentence of 210 months of imprisonment exceeds the statutory maximum for his offense of conviction.  3d Cir. ECF No. 10 at 1.  However, as Rinaldi acknowledges, see id., this argument was not presented to the District Court in connection with the challenged order, and he cannot pursue it for the first time on appeal.  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).  Rather, the proper vehicle for such a post-conviction challenge to his sentence is a motion filed in the District Court under 28 U.S.C. § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences").  Indeed, it appears that Rinaldi has presented this claim in a § 2255 motion, which he filed in February 2024 and which remains pending in the District Court.