NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1405
_____

ANDY BUXTON,
Appellant

v.

JOHN E. WETZEL; MALINDA L. ADAMS; KAREN FEATHER; ADAM MAGOON;
JANE DOE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-01053)
Magistrate Judge:  Honorable Patricia L. Dodge (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed September 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Andy Buxton appeals the District Court's grant of summary judgment in favor of defendants and denial of reconsideration in his prison-conditions case. We will affirm the judgment of the District Court.

In October 2022, Buxton filed his operative amended complaint with the Western District of Pennsylvania, in which he alleged that prison staff and officials—John Wetzel (the Pennsylvania Secretary of Corrections), Malinda Adams (the superintendent of the prison), Karen Feather (a corrections health care administrator), and Adam Magoon (a corrections officer)—had violated his constitutional rights under the First and Eighth Amendments while he was incarcerated at SCI-Mercer during the COVID-19 pandemic. Specifically, Buxton alleged that supervisory staff were lax in their implementation and monitoring of COVID-19 protocols, healthcare employees failed to properly screen inmates and respond to his sick calls, and that a guard and supervisor had put inmates at risk by refusing to wear masks and coming to work while sick.

After discovery, the District Court granted the defendants' motion for summary judgment, ruling that no reasonable jury could conclude that they had violated Buxton's constitutional rights. Buxton then filed a motion for reconsideration, which was denied. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment for defendants. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment

2

is appropriately granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We review denial of a motion for reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

### III.

On appeal, Buxton appears to primarily challenge the judgment on his Eighth Amendment deliberate indifference claim. To make out an Eighth Amendment claim, Buxton was required to show that he was incarcerated under conditions imposing a substantial risk of serious harm and that the defendants were deliberately indifferent to that risk. See Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). At the outset, we note that the defendants presented evidence that SCI-Mercer took a number of steps in response to the pandemic, including requiring staff and inmate to wear masks, screening staff and inmates, isolating inmates who showed symptoms of COVID-19, limiting inmate movement and organizing inmates into small cohorts, and providing vaccine and booster shots.

Buxton contends that the defendants' response was inadequate,[1] but we agree with the District Court's disposition of his claims. First, as the District Court explained,

---

[1] We will consider only those arguments that Buxton properly developed in his appellate brief. See generally John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076

Wetzel was entitled to summary judgment because none of the facts in the record indicated that he was personally involved with any of the allegedly substandard conditions, and such direct involvement is a requirement for liability to attach. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Further, nothing in the record supported Buxton's contention that Feather exhibited deliberate indifference to the health risks created by COVID-19. Beyond his bald assertions, Buxton has not identified anything in the record which would indicate that Feather ignored Buxton's sick calls or allegations regarding malfunctioning medical equipment. Conversely, the record contains substantial evidence that the prison's healthcare professionals were regularly taking the vitals of all prisoners in Buxton's unit and were never informed of any malfunctioning equipment. The lack of evidence indicating Feathers' deliberate indifference is fatal to Buxton's Eighth Amendment claim, and thus, summary judgment was proper. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

---

n.6 (3d Cir. 1997). Buxton alleges that the District Court erred by refusing to consider his declarations and considering defendants' "bad faith" affidavits. However, nothing contained in Buxton's appellate brief adequately explains what the District Court might have overlooked in his declarations, or why defendants' declarations should be ignored. Buxton's appellate brief also broadly alleges that the District Court erred by "exclud[ing] the bulk of plaintiffs' proffered evidence on causation." Buxton's brief never identifies precisely what this excluded information was, or how it would help his case. To the extent that this portion of Buxton's brief may refer to the District Court's ruling on Buxton's motion to compel, Buxton has not offered any argument as to why the District Court's order was incorrect.

4

Next, defendant Magoon was properly granted summary judgment on claims that he violated Buxton's Eighth Amendment rights by failing to fully complete prison quarantine procedures and occasionally not wearing a mask. Buxton's assertion that Magoon coughed and sneezed one time while handing out mail while enhanced quarantine protocols were in effect, is plainly insufficient to state a Constitutional violation. Nor does anything about Magoon's allegedly deficient quarantine evidence that he knowingly put inmates at risk by returning on December 3,[2] while Magoon's declaration indicates that he returned after properly quarantining and recovering from the disease. Magoon was therefore properly granted summary judgment because nothing on the record suggests that he was deliberately indifferent to the risks posed by COVID-19. See Hope v. Warden York Cty. Prison, 972 F.3d 310, 330 (3d Cir. 2020) ("Nor does a failure to eliminate all risk establish that the Government was deliberately indifferent to their serious medical needs.").

Finally, the Court correctly granted Malinda Adams summary judgment on all Eighth Amendment claims. Adams was alleged to have failed to act after Magoon returned to work early and to have failed to wear a mask at unspecified times. Buxton has, at most, alleged Adams was merely aware of Magoon's return. As discussed above, mere knowledge of an event after the fact is insufficient to incur liability under § 1983.

---

[2] Buxton has stated that Magoon was absent from the prison for a period of at least twelve days, from Sunday, November 22, 2020, until Friday, December 3, 2020. See ECF No. 90 at 2. While he claims that time was inadequate, he presents no evidence to support a contention that Magoon acted with deliberate indifference.

Iqbal, 556 U.S. at 676. Nor do Buxton's claims that Adams failed to wear a mask at unspecified times establish deliberate indifference. See generally Hope, 972 F.3d at 330.[3]

Further, since the District Court did not err in granting summary judgment to the defendants, we conclude it likewise did not err in denying reconsideration. See generally Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

As a result, we will affirm the judgment of the District Court.

---

[3] In his brief, Buxton relies heavily on another District Court decision, but he did not raise this argument before the District Court, and we will not consider arguments raised for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). Buxton's motion to expand the record to include documents not filed in the District Court is denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances").