**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2732
_____

DAWN WALEGA,
                                        Appellant
v.

JUSTIN MACGREGOR, MPA Deputy Director for Human Resources; WILLIAM
BROWNING, Director of OYFS and Human Services; LACKAWANNA COUNTY
GOVERNMENT OFFICE; KERRI BROWNING, Lackawanna County Employee;
MACKENZIE MALONE, Lackawanna County Employee

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:21-cv-02006)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2026
Before:   KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 7, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Dawn Walega appeals from the District Court's grant of summary judgment for her former employer, Lackawanna County, on her claims under the Age Discrimination in Employment Act ("ADEA"). For the reasons that follow, we will affirm the District Court's judgment.

I.

Walega began working as an administrative officer with Lackawanna County in January 2016 and turned 40 years old soon after.[1] Walega routinely arrived to work late, which was noted at her April 2017 performance review, along with occasional issues completing certain assignments on time. In November 2017, Walega reported to her supervisor that she believed that certain staff members were engaging in fraudulent activity by inaccurately reporting their leave. That same month, Walega was verbally counseled about her continued lateness, taking unauthorized breaks, and failure to complete job responsibilities.

In late November 2017, Walega received a written warning, stating that she continued to arrive late, regularly left work for hours at a time in the middle of the day, and refused to complete some of her work assignments. Walega received another written warning in December 2017 on this same basis. Walega was offered a later start time for her workday, which she declined.

---

[1] Because we write primarily for the parties, we will recite only the facts necessary for this discussion. These facts are undisputed unless otherwise noted.

In January 2018, Lackawanna County held a hearing regarding Walega's lateness and workplace performance issues, after which Walega was suspended for five days. Walega signed an agreement stating that this was her final opportunity to improve her performance before facing termination, and that, among the requirements to avoid being fired, she was required to meet with her supervisor at the end of every workday to discuss the work she completed that day.

After a second hearing where Walega admitted that she was not meeting with her supervisor as instructed, Walega's employment was terminated in February 2018. Her age was not discussed at either hearing. Lackawanna County later hired a 61-year-old individual to fill Walega's position.

In November 2021, Walega initiated this federal lawsuit against Lackawanna County, ultimately bringing discrimination and retaliation claims under the ADEA and related state law claims in her operative complaint.[2] On defendant's motion, the District Court granted summary judgment in favor of Lackawanna County. Walega timely appealed.

---

[2] Walega brought additional claims in her operative complaint, as well as claims against additional defendants, but because she does not discuss them in her opening brief, she has forfeited them. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited). We do not consider any arguments Walega makes for the first time on appeal, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013), or any issues she discusses for the first time in her reply brief, *see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment for Lackawanna County.  *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

We agree with the District Court's disposition of Walega's claims.  Walega could not state a prima facie case of age discrimination under the ADEA, as she could not show that she was terminated under circumstances that "rais[e] an inference of age discrimination."  *See Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002). Even if Walega could establish the other elements of a prima facie case, there is no evidence in the record from which a reasonable factfinder could conclude that Walega's termination was in any way related to her age.  After she was fired, Walega was replaced by an individual nearly twenty years her senior.  *Cf. id.* (stating that "replace[ment] by a sufficiently younger person" could establish an inference of age discrimination).  Further, although Walega claimed in her operative complaint that younger coworkers were misusing their flex time and leave without repercussions, she did not ultimately introduce

any evidence regarding the ages of those individuals or her allegations of fraudulent leave activity. *See Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (explaining that a "party opposing summary judgment may not rest upon the mere allegations" in its complaint but rather "must set forth specific facts showing that there is a genuine issue for trial") (internal quotation marks and citations omitted).

Walega also could not state a prima face of ADEA retaliation for reporting her concerns about other employees' use of leave in November 2017. To establish a prima facie case, Walega had to show: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (internal quotation marks and citation omitted).

Although Walega testified at a deposition that she told her supervisor about other employees' abuse of leave time in November 2017, there is no evidence that she ever asserted that this was a discriminatory practice based on age. *See id.* (explaining that protected activity includes making informal complaints to management about "discriminatory employment practices") (internal quotation marks and citation omitted). Additionally, Walega had already been warned about problems with her lateness and completing work assignments before she reported this issue. Walega's unsupported belief that she was treated differently than others in her workplace is not evidence that her termination was due to age-based retaliatory animus. Summary judgment was thus

properly granted for Lackawanna County on Walega's ADEA claims.[3]

For these reasons, we will affirm the judgment of the District Court.[4]

---

[3] Walega does not appear to directly address this issue in her opening brief, but the District Court also did not abuse its discretion in declining to exercise supplemental jurisdiction over her remaining state law claims after granting summary judgment for Lackawanna County on her federal claims. *See* 28 U.S.C. § 1367(c)(3); *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (1999).

[4] Walega's pending motions are denied.