**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3578
_____

JERRY J. PAINADATH,
                                        Appellant
v.

THOMAS JEFFERSON UNIVERSITY HOSPITALS;
JEFFERSON EINSTEIN HOSPITAL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:24-cv-06567)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2026

Before:   MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 22, 2026 )
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jerry J. Painadath appeals from the District Court's dismissal of his second amended complaint, which raised claims related to his former employment at Jefferson Einstein Hospital. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2024, Painadath initiated a federal lawsuit against Thomas Jefferson University Hospital and Jefferson Einstein Hospital. After granting him leave to proceed in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it for failure to state a claim, granting him leave to amend. Painadath's first amended complaint was dismissed on the same basis, and his second amended complaint included the following allegations.[1]

Painadath began working as a registered nurse at Jefferson Einstein in June 2023. In October 2023, he was doing rounds and saw a patient experiencing signs of an emergency medical condition, which he reported to his nurse manager and the attending doctor. When Painadath reviewed the patient's chart, it said that the patient had been seen in the ER, where doctors recommended that the patient be transferred to the intensive care unit for stabilization, which was not where Painadath worked. Painadath

---

[1] Because we write primarily for the parties, we will recite only the allegations necessary for this discussion.

2

shared this information with his nurse manager, the attending doctor, and the medical director, and when the patient started deteriorating, Painadath spoke with the medical director to transfer the patient to the ER for further examination. When the hospital transport team began the transfer process, Painadath's nurse manager came to the door, stood in the doorway, and yelled at Painadath that the patient should not go to the ER and that she would "teach [him] a lesson" if he sent the patient there. Second Am. Compl. at ECF p. 6.

In November 2023, after a different incident, Painadath was suspended without pay. While he was suspended, Painadath claims that an administrator called him and offered to "help elevate" his career if Painadath gave up a lawsuit that he had filed against a different former employer. *Id.* at ECF p. 7-8. Painadath's employment at Jefferson Einstein was terminated on December 1, 2023.

Painadath brought two claims in his operative complaint, seeking relief under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and for wrongful termination under Pennsylvania law. The District Court again screened his complaint and dismissed it, this time with prejudice, for failure to state a claim upon which relief could be granted. Painadath then sought the District Judge's recusal, which was denied. Painadath timely appealed.[2]

---

[2] Painadath also sought reconsideration after his second amended complaint was dismissed, which the District Court denied, but he does not discuss this decision in his appellate brief and has thus forfeited any challenge to it. *See In re Wettach*, 811 F.3d 99,

3

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Painadath's allegations liberally and exercise plenary review over the District Court's dismissal of his amended complaint for failure to state a claim. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We review a district court's denial of a recusal motion for abuse of discretion. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

III.

We agree with the District Court's dismissal of Painadath's second amended complaint. "EMTALA imposes certain mandates on hospitals regardless of whether a patient who presents to an emergency room has the ability to pay for treatment," and a hospital violates EMTALA if it "(1) fails to properly screen a patient . . . or (2) releases a patient without first stabilizing his or her emergency medical condition." *Gillispie v. RegionalCare Hosp. Partners Inc*, 892 F.3d 585, 589 (3d Cir. 2018). EMTALA includes a whistleblower provision, which provides, in relevant part, that "participating hospital[s] may not penalize . . . any hospital employee because the employee reports a violation of [EMTALA]." 42 U.S.C. § 1395dd(i); *see also Gillispie*, 892 F.3d at 596. To state a prima facie case of EMTALA retaliation under this whistleblower provision, a plaintiff

---

115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited). We do not consider any allegations Painadath makes for the first time on appeal. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

must allege that "(1) she engaged in conduct that is protected by EMTALA; (2) her employer subsequently took an adverse employment action against her; and (3) the employer did so because she engaged in protected activity." *Gillispie*, 892 F.3d at 593.

Painadath's complaint includes no allegations suggesting that he reported to anyone that he believed the patient's discharge from the ER constituted an EMTALA violation. Rather, he alleged that he informed several individuals about the patient's condition and the information in the patient's chart, then spoke to his medical director to secure a transfer order for the patient for further examination. Painadath had three opportunities to present allegations that he engaged in activity protected by EMTALA's whistleblower protections, but he has not done so.

Dismissal was also appropriate for Painadath's remaining wrongful termination claim. Under Pennsylvania law, there is generally "no common law cause of action against an employer for termination of an at-will employment relationship," and exceptions exist "in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *See Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989). Even if such an exception were applicable under these circumstances, Painadath alleged, at most, that an administrator offered to help Painadath with his career if he dropped a pending lawsuit he had filed against a different former employer. Painadath provided no allegations that this administrator was involved in any way with his termination, or that the administrator

5

threatened to fire him if he did not drop this unrelated lawsuit. Thus, his complaint included no allegations that could plausibly support a wrongful termination claim, even if such a cause of action were available in this context.

Finally, we discern no error in the District Court's denial of Painadath's recusal motion. He argues that the District Judge was biased against him based on the following allegations: (1) the District Judge used to be a member of the Cozen O'Connor law firm, where other lawyers have connections to Thomas Jefferson University Hospital; (2) the District Judge made a ruling in an unrelated case in a way that favored Jefferson; (3) Painadath believes the District Judge waited too long to rule on his post-judgment motions. However, Painadath's vague and speculative allegations do not suggest that the District Judge was biased against him. *See In re United States*, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control . . . are committed to the sound discretion of the district court.").

For these reasons, we will affirm the judgment of the District Court.