**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1837

———————

MYRON N. CRISDON,
                              Appellant

v.

NORTH GATE II; CAMDEN TOWING INC.

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-00262)
District Judge: Honorable Karen M. Williams

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: June 29, 2026)

———————

OPINION[*]

———————

PER CURIAM

    Myron Crisdon, proceeding pro se and in forma pauperis, appeals from the District

Court's order dismissing his complaint against an apartment complex, North Gate II, and

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a towing company, Camden Towing, Inc. We will affirm the judgment of the District Court.

## I.

Crisdon filed a complaint in the District Court, alleging that Camden Towing, Inc. had illegally towed his car at the request of North Gate II apartment complex, which he claims lacked clearly visible parking signage as required by New Jersey law. The District Court dismissed Crisdon's complaint for lack of subject-matter jurisdiction, but provided him leave to amend, at which point he filed an amended complaint. Crisdon's amended complaint did not cure the jurisdictional issue identified by the Court, so the District Court dismissed the amended complaint and denied any leave to amend because amendment would be futile. Crisdon filed a timely notice of appeal and has submitted a pro se brief in support of his appeal.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Crisdon's complaint for lack of subject-matter jurisdiction.

---

[1] After Crisdon filed his notice of appeal, the District Court amended its dismissal order to clarify that, because it was dismissing for lack of jurisdiction, the dismissal was *without* prejudice. Because this order did not change the District Court's reason for dismissal, it does not affect our jurisdiction over the order dismissing the complaint. *See United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 683–84 (5th Cir. 2013); *cf. FTC v. Minneapolis-Honeywell Reg. Co.*, 344 U.S. 206, 211–12 (1952); *Thomas v. Att'y Gen.*, 625 F.3d 134, 140 (3d Cir. 2010). However, if appellant wanted to appeal that order, he was required to file a new or amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Since he did not, we lack jurisdiction over challenges to the latter order. *See Carrascosa v. McGuire*, 520 F.3d 249, 253-54 (3d Cir. 2008).

*See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

III.

We will affirm the District Court's order, because Crisdon failed to provide any basis for the Court's subject-matter jurisdiction. Although Crisdon's complaint asserts federal question jurisdiction, he does not cite to the Constitution or any federal laws or treaties of the United States; instead, Crisdon cites to several New Jersey state laws pertaining to traffic laws and parking signage. Thus, the District Court correctly concluded that it did not have federal question jurisdiction under 28 U.S.C. § 1331.

Nor did Crisdon plead diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists in civil actions where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. Crisdon's amended complaint states that he and the two defendants are all citizens of New Jersey; therefore no diversity jurisdiction exists. *See* 28 U.S.C. § 1332.

On appeal, Crisdon alleges that the actions taken by Camden Towing, Inc. and North Gate II violated his rights under the Fourth and Fourteenth Amendments. Because he makes this claim for the first time on appeal, we decline to consider it. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013). Further, he has provided no basis to conclude that the defendants are "state actors" for purposes of 42 U.S.C. § 1983, *see Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005).

3

Finally, the District Court did not err in concluding that granting Crisdon further leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). Accordingly, we will affirm the District Court's judgment.