**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2892
_____

NEW YORK LIFE INSURANCE COMPANY;
NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION

v.

DRAKEEL T. BURNS;
WANDA BOSTICK BURNS

Drakeel T. Burns,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:21-cv-19292)
District Judge: Honorable Edward S. Kiel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2026

Before:   MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: June 29, 2026)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Drakeel Burns appeals from the District Court's disbursement of funds in this interpleader action. This case centers around a dispute over the ownership and beneficiary status of five life insurance policies held by non-party Marion Burns before his death. His daughter, Drakeel Burns, and his former wife, Wanda Bostick Burns, have each claimed entitlement to the death benefits.[1] For the reasons that follow, we will affirm the District Court's judgment.

In October 2021, plaintiffs New York Life Insurance Company and New York Life Insurance and Annuity Corporation filed an interpleader complaint in the District Court naming Drakeel and Wanda as defendants.[2] Plaintiffs alleged that between 1989 and 2004, they issued five life insurance policies to Marion. Marion married Wanda in 2004. As of 2018, Drakeel was the first named beneficiary on all of Marion's life insurance policies.

Marion died in July 2021, while he was in divorce mediation proceedings with Wanda. Wanda sought to claim the death benefits from all of Marion's policies and initiated proceedings in South Carolina state court to do so. Wanda maintained that she

---

[1] Because all of the individual parties in this case have the same last name, this opinion will refer to them by their first names going forward.

[2] We write primarily for the parties and will recite only the facts necessary for this discussion.

and Marion had come to a written settlement agreement through a mediation process in Family Court, which they were unable to finalize before Marion's death, giving Wanda ownership of four of the policies and naming her the first beneficiary of the final policy. Soon after, Drakeel filed claims to receive death benefits for all five policies. Accordingly, plaintiffs sought to have the District Court determine the proper recipient for the funds.

The District Court granted plaintiffs' request to deposit the death benefits pending the adjudication of the case and stayed the matter until the proceedings in South Carolina concluded. The District Court determined that it had interpleader jurisdiction over the action and that both this matter and the South Carolina matter involved substantially the same issue — whether Wanda was entitled to the death benefits of Marion's policies given the mediated agreement.

In early 2024, Wanda sought to lift the stay and receive the funds held by the District Court. She included the December 14, 2023 final decision of the South Carolina Family Court in her enforcement matter, which concluded that Wanda was entitled to death benefits from all five life insurance policies.[3] Plaintiffs and Wanda then sought to

---

[3] Marion's estate was represented by a special administrator appointed by the probate court. Wanda added Drakeel to the case as a necessary party and served her with the pleadings, but Drakeel did not appear before the Family Court and was found to be in default. Drakeel has maintained that she could not appear in the South Carolina proceedings due to financial hardship and her caregiving responsibilities for her elderly mother.

disburse the death benefits in accordance with the South Carolina order.[4]

After the District Court held a hearing on the parties' motions, where all parties appeared with counsel, it concluded that the *Rooker-Feldman* doctrine and the Full Faith and Credit Clause precluded Drakeel from challenging the South Carolina Family Court's determination regarding the policies.[5]  The District Court ordered the disbursement of funds to Wanda, as well as an award of attorneys' fees for plaintiffs per a negotiated agreement with Wanda, and dismissed the plaintiffs from the case with prejudice. Drakeel timely appealed, pro se.[6]

We will affirm the District Court's decision, as Drakeel raises only new arguments on appeal that she did not raise in her counseled filings or at the parties' hearing before the District Court.[7]  In the District Court, Drakeel argued, through counsel, that the South Carolina Family Court decision violated state law, under which the parties' unsigned mediation agreement should not have been enforced, making Drakeel the first beneficiary for all of the life insurance policies.

---

[4]  The case was briefly stayed while Drakeel pursued an appeal in South Carolina, which was ultimately dismissed as untimely.

[5]  Drakeel was represented by counsel throughout the District Court proceedings; counsel withdrew after this hearing.

[6]  After Drakeel appealed, she sought to stay the District Court's distribution of the funds to Wanda pending appeal, but that motion was denied.

[7]  We have jurisdiction pursuant to 28 U.S.C. § 1291.

Now, on appeal, Drakeel argues for the first time that Wanda was entitled to only a portion of the benefits from the fifth life insurance policy — not addressing the remaining four policies — and that the award by the District Court was more than Wanda should have received given the agreement between Wanda and Marion. She faults plaintiffs' and Wanda's attorneys for failing to raise this issue, as well as the District Court for not addressing it. However, her own attorney did not raise this issue, although this argument is based on documents that were available to all parties during the District Court litigation.[8] Drakeel also argues for the first time that Wanda should have reimbursed her for paying her father's funeral expenses as a matter of equity, and that the award of attorneys' fees for plaintiffs should have been given to her instead.

Drakeel does not challenge the District Court's legal analysis in determining that Wanda was entitled to the disbursement of funds, or that plaintiffs were entitled to an award of attorneys' fees given the District Court's ruling in favor of Wanda and her negotiated agreement with plaintiffs. We are sympathetic to Drakeel's position and acknowledge the equitable and legal arguments she has raised. However, we cannot consider any of her arguments for the first time on appeal, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013), and she has forfeited the issues

---

[8] We express no opinion on whether counsel should have raised this issue in the District Court, but note that "[t]he remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice." *See Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir. 1980) (internal quotation marks and citation omitted).

she raised in the District Court by not discussing them in her opening brief, *see In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).  Under these circumstances, we are constrained to affirm the District Court's judgment.